# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharareh Moghaddam, | No. CV-26-01199-PHX-SHD (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Petitioner filed this action under § 2241 challenging her immigration detention. (Doc. 1.)  Petitioner entered the United States under a refugee program and was granted legal permanent resident status in 2016.  (Doc. 1 ¶ 3.)  Petitioner was detained following her August 1, 2025 naturalization interview because she received two convictions for petty theft.  (*Id.* ¶ 3.)  Petitioner was placed in removal proceedings, submitted applications for cancellation of removal and for asylum and, on August 22, 2025, filed a Motion to Vacate her prior theft convictions.  (*Id.* ¶ 4.)  Her Motion to Vacate was granted on October 16, 2025, and Petitioner thereafter filed a motion to terminate her immigration proceedings. (*Id.* ¶ 4.)  The Motion to Terminate was granted on October 21, 2025, and Respondents filed an appeal before the BIA, which remains pending.  (*Id.* ¶ 4.)

Petitioner filed the instant Petition on February 20, 2026, challenging her prolonged detention under the Fifth Amendment.  The Court required Respondents to show cause why the Petition should not be granted.  Respondents filed their response on February 27, 2026, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) due to

her since-vacated petty theft convictions. (Doc. 4.) Respondents maintain those convictions—though vacated—remain valid for purposes of immigration proceedings. (*Id.* at 3.) Respondents further maintain the Court lacks jurisdiction to decide whether she is properly subject to detention under 1226(c) because such a decision is "inextricably linked to the order of removal." (*Id.*) Finally, Respondents point to the Supreme Court's decision in *Jennings v. Rodriguez* as authorizing continued mandatory detention without a bond hearing. *Id*.

Alternatively, Respondents argue Petitioner's due process claim is moot because she received a bond redetermination hearing on November 3, 2025 at which the Immigration Judge indicated even if Petitioner was not detained under § 1226(c), Petitioner failed to establish she was neither a flight risk nor a danger. (Doc. 1, Ex. C.)

Respondents' response is flawed even if the Court accepts both of Respondents' key premises—that Petitioner remains subject to mandatory detention under § 1226(c) and, if she is not, she already received a bond hearing at which the Immigration Judge indicated she would deny bond. Those points do not end the inquiry because the November 3, 2025 bond hearing placed the burden on Petitioner to establish she is neither a flight risk nor a danger. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195–96 (9th Cir. 2022). Respondents ignore that Petitioner has now been subject to prolonged immigration detention for over nine months. The Court will therefore order Respondents to show cause why the Court should not follow the decisions from the Second and Third Circuits that have held prolonged detention without a meaningful bond hearing violates due process. *See Black v. Decker*, 103 F.4th 133 (2024); *Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203 (3d Cir. 2020). Respondents must also show cause why the Court should not direct that Petitioner receive a renewed bond hearing under the standard established in *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).

///

///

///

- 2 -

**IT IS THEREFORE ORDERED** Respondents must file a supplemental response as directed herein no later than **Friday, May 15, 2026**.  Petitioner may file a supplemental reply no later than **Tuesday, May 19, 2026**.

Dated this 12th day of May, 2026.

Honorable Sharad H. Desai
United States District Judge