# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sharareh Moghaddam,

              Petitioner,

v.

Eric Rokosky, et al.,

              Respondents.

No. CV-26-01199-PHX-SHD (JZB)

**ORDER**

Petitioner filed this action under § 2241 challenging her immigration detention. (Doc. 1.) In its May 12, 2026 Order, the Court laid out the underlying undisputed facts: Petitioner entered the United States under a refugee program and was granted legal permanent resident status in 2016. (Doc. 1 ¶ 3.) Petitioner was thereafter detained following her August 1, 2025 naturalization interview because she received two convictions for petty theft. (*Id.* ¶ 3.) Petitioner was placed in removal proceedings, submitted applications for cancellation of removal and for asylum and, on August 22, 2025, filed a Motion to Vacate her prior theft convictions. (*Id.* ¶ 4.) Her convictions were vacated and Petitioner then filed a motion to terminate her immigration proceedings. (*Id.* ¶ 4.) The Motion to Terminate was granted on October 21, 2025, and Respondents filed an appeal before the BIA, which remains pending. (*Id.* ¶ 4.)

Petitioner filed the instant Petition on February 20, 2026, challenging her prolonged detention under the Fifth Amendment. The Court required Respondents to show cause why the Petition should not be granted. (Doc. 3). Respondents filed their

response on February 27, 2026, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) due to her vacated petty theft convictions.  (Doc. 4). Respondents alternatively argued the Court lacks jurisdiction to evaluate Petitioner's detention because such a decision is "inextricably linked to the order of removal."  (*Id.*). Finally, Respondents argued Petitioner's claim is moot because she received a bond hearing on November 3, 2025.  (*Id.*).

The Court rejected these arguments (Doc. 13) because Petitioner's detention has become prolonged and further ordered "Respondents to show cause why the Court should not follow the decisions from the Second and Third Circuits that have held prolonged detention without a meaningful bond hearing violates due process.  *See Black v. Decker*, 103 F.4th 133 (2024); *Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).  Respondents were also required to show cause why the Court should not direct that Petitioner receive a renewed bond hearing under the standard established in *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).  (*Id.*)

In response, Respondents acknowledge "Petitioner's case is not meaningfully distinguishable from that of the petitioner in *Singh*. Although the Ninth Circuit has questioned whether any of *Singh* survived *Jennings*, *see Rodriguez Diaz* [ *v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022),] if the Court has determined that due process requires an additional bond hearing, Respondents can provide the Court with no authority to suggest that the government should not bear the burden."  (Doc. 14).  Based on this concession the Court will direct Petitioner be provided a bond hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** to the extent it seeks a bond redetermination hearing.  The Petition is otherwise **denied**.

**IT IS FURTHER ORDERED** Respondents must provide Petitioner a bond redetermination hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), within **seven (7) days of the date of this**

**Order,** or release Petitioner from custody under the same conditions that existed before her detention.

IT IS FURTHER ORDERED Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing her a bond hearing. **If applicable, that notice must include the result of the bond hearing.**

IT IS FURTHER ORDERED any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 27th day of May, 2026.

Honorable Sharad H. Desai
United States District Judge